**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEE TRAYLOR,

      Plaintiff - Appellant,

vs.

DIANE CYPERT; KEN KLINGER,

      Defendants - Appellees.

No. 98-6174
(D.C. No. 97-CV-909)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Mr. Lee Traylor, an inmate appearing pro se in this 42 U.S.C. § 1983

action, appeals from a grant of summary judgment in favor of Defendants. The

district court adopted, over Mr. Traylor's objection, the magistrate judge's report

and recommendation. On appeal, Mr. Traylor contends that he has been denied a

liberty interest without due process and equal protection based upon classification

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

changes culminating in his transfer to the Oklahoma State Penitentiary where he was placed in protective custody in a single cell. The summary judgment record indicates that prison officials moved Mr. Traylor based upon safety concerns of other inmates. Despite Mr. Traylor's characterization of the transfer as "summary punishment," his due process claim is barred by Sandin v. Conner, 515 U.S. 472 (1995). The confinement alleged does not implicate a protected liberty interest. See id. at 486. Mr. Traylor's equal protection challenge is likewise without merit--Defendants established that any disparate treatment is rationally related to a legitimate governmental purpose. See Riddle v. Mondragon, 83 F.3d 1197, 1207 (10th Cir. 1996).

We have liberally construed Mr. Traylor's pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), and reviewed the district court's grant of summary judgment on his remaining claims de novo, see Barney v. Pulsipher, 143 F.3d 1299, 1306 (10th Cir. 1998). We affirm for substantially the same reasons given by the district court, including the report and recommendation of the magistrate judge. See R. docs. 15 & 17.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge